**Patrick S. BILLS, Plaintiff—Appellant,**

v.

**CITY OF RIALTO; Rialto Police Department; Randy Deanda; Chris Martinez, Defendants—Appellees.**

No. 03–56212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided Dec. 8, 2005.

Frank P. Barbaro, Esq., Sherri L. Honer, Horton, Barbaro & Reilly, Santa Ana, CA, for Plaintiff–Appellant.

S. Frank Harrell, Esq., Lynberg and Watkins, Orange, CA, Carol J. Fogleman, Esq., for Defendants–Appellees.

Before: GIBSON,* GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Plaintiff Patrick S. Bills sued the City of Rialto, its police department, and two of its officers under 42 U.S.C. § 1983, as well as under state law. He made three § 1983 claims: unlawful search, unlawful detention, and excessive force. The district court granted summary judgment to Defendants on the unlawful search and unlawful detention claims, on the ground that Defendants were entitled to qualified im-

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

munity. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The excessive force claim and the state law claims went to trial. The jury found in favor of Defendants. Plaintiff timely appealed, and we affirm.

1. Unlawful search claim.

We review de novo a grant of summary judgment. *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir.2004).

■ A reasonable officer could have believed that both probable cause and exigent circumstances existed. *See United States v. George*, 883 F.2d 1407, 1411 (9th Cir.1989) (establishing those elements to justify a warrantless search of a home). Chavez was wanted for a triple homicide. Plaintiff's wife is Chavez' sister, and the police knew that Chavez was not at his parents' house. A reasonable officer could have believed that the relationship between the parties, and the timing of Plaintiff's taking Alvarez to his house, established probable cause to believe that Chavez was at Plaintiff's house.

As to exigency, the officers reasonably could have believed that they had to enter Plaintiff's home to prevent harm to innocent persons. They reasonably could have believed not only that Chavez was at Plaintiff's house, but also that he knew or was likely to learn of his imminent capture. Plaintiff's children were in the house, yet they failed to answer telephone calls from the police.

2. Evidentiary rulings.

We review evidentiary rulings for abuse of discretion. *United States v. Hanna*, 293 F.3d 1080, 1085 (9th Cir.2002).

■ Plaintiff claims that the district court prevented him from arguing that the handcuffs were left on too long. But the court did allow him to testify that he remained handcuffed for at least an hour. The record reveals no error.

Plaintiff also claims that the court prevented him from arguing that the officers' motive for ignoring his complaints of pain was to secure his consent to search his house. He cites a ruling sustaining a relevance objection to Plaintiff's testimony that he gave consent to search, but felt that he had no choice. The court already had decided the unlawful search claim on summary judgment, a ruling that we have just held was proper. Any evidentiary error thus was harmless.

3. Unlawful detention.

■ The outcome of Plaintiff's unlawful detention claim is controlled by a combination of two things: recent Supreme Court precedent, and the jury's defense verdict on the excessive force claim.

In *Muehler v. Mena*, ─── U.S. ───, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), police detained Mena in handcuffs while executing a search warrant. The Supreme Court held that Mena's detention in handcuffs for the length of the search was permissible despite the absence of an immediate threat. *Id.* at 1469. Plaintiff in this case was detained for "over an hour." Plaintiff Mena was detained in handcuffs for two to three hours. *Id.* at 1471.

Although in *Mena* the police had a warrant, *id.* at 1469, while here there was no warrant, that fact does not bear on the reasonableness of the *length* of detention. As we have just held, a valid exception to the warrant requirement was established here.

Plaintiff also proposes to distinguish *Mena* on the ground that Mena's handcuffs were correctly applied, *id.* at 1470, whereas here the handcuffs were applied in a painful and improper manner. Plaintiff argues that his prolonged detention in

a gratuitously painful state distinguishes *Mena* and that no reasonable officer could have believed that such a detention was constitutional. The difficulty for Plaintiff is that the jury already found that Defendants did *not* use excessive force upon Plaintiff. Accordingly, we are left with a bare claim that Defendants detained Plaintiff for too long, a claim that does not survive *Mena.* Any error by the district court in not submitting the unlawful detention claim to the jury was harmless. *See Tennison v. Circus Circus Enters.,* 244 F.3d 684, 691 (9th Cir.2001) (holding that the plaintiffs were not prejudiced by any error in granting summary judgment to the defendants on the plaintiffs' claims for intentional infliction of emotional distress, because those claims were predicated on the same facts and similar legal inquiries as their sexual harassment claims, as to which the jury found against the plaintiffs).

AFFIRMED.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

Bills argues that detaining him for more than an hour in improperly applied handcuffs, without checking on his wrists despite his repeated complaints that the handcuffs were hurting him, violated his clearly established constitutional rights, and a reasonable officer could not believe this form of detention to be constitutional. Viewing the facts in the light most favorable to Bills, the record supports Bills' factual predicate. Police were aware of his pain, and despite Bills's repeated requests that the handcuffs be adjusted, police did not even check his handcuffs. Bills was diagnosed with complex regional pain syndrome caused by nerve damage to his right wrist. In addition, there was no shortage of police to ensure that Bills would remain in place, as there were approximately ten officers on the scene.

In *Muehler v. Mena,* —— U.S. ——, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), Justice Kennedy cast the deciding vote in a five to four decision. Justice Kennedy's concurring opinion expressly leaves the door open for the kind of claim Bills asserts:

The reasonableness calculation under [*Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ] is in part a function of the expected and actual duration of the search. If the search extends to the point when the handcuffs can cause real pain or serious discomfort, provision must be made to alter the conditions of detention at least long enough to attend to the needs of the detainee. This is so even if there is no question that the initial handcuffing was objectively reasonable. The restraint should also be removed if, at any point during the search, it would be readily apparent to any objectively reasonable officer that removing the handcuffs would not compromise the officers' safety or risk interference or substantial delay in the execution of the search.
125 S.Ct. at 1472.

The record in this case shows that Bills did not get to submit this kind of claim to the jury. The court submitted to the jury a specific question as to whether each defendant used "excessive force upon the plaintiff, Patrick Bills," and the jury answered no to both questions. (Record Excerpts Vol. II p. 425.) In the instructions conference, the district court made it abundantly clear that it had already ruled out any claim based on the propriety of detention and the length of detention, including any claim based on the time Bills was handcuffed. The court made very clear that counsel could not argue the length of time was a basis for liability: "And to the extent if there is any argu-

ment that they detained him too long, I would sustain an objection to it. And even if an objection isn't made, I would probably reprimand counsel." (Record Excerpts Vol. II p. 377.) Counsel for Bills stated that she would not make any argument that the handcuffs should have been removed any quicker. (Record Excerpts Vol. II p. 378.) The court replied, "So the length of time goes to whether he was damaged and the extent of his injuries.... [M]y ruling on the summary judgment motion ... doesn't cover the fact that if the jury finds he was handcuffed improperly, the longer it lasted the greater his damages." (Record Excerpts Vol. II pp. 378–79.) Counsel for Bills stated, "So, within that time we can argue that the time it became excessive, but not to the point where they should have been removed." The court added, "Or shouldn't have been applied that way in the first place." (Record Excerpts Vol. II p. 379.)

The district judge thus allowed argument of length of time limited to the issue of damages, but Bills's argument is that he was entitled to have this issue submitted as a substantive ground for recovery, and the district judge refused to do so. I believe the district court erred in refusing to submit that issue articulated in Justice Kennedy's concurring opinion as set out above.

I believe the district court erred in refusing to submit the issue of the length of detention and that Bills has been denied the chance for a trial of a viable claim.